[Dkt. Nos. 30, 31, 37, 38]

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE**

| | |
|---|---|
| XL SPECIALTY INSURANCE COMPANY,<br><br>    Plaintiff,<br><br>    v.<br><br>TORCHIO BROTHERS, INC., GREGORY V. TORCHIO, VINCENT A. TORCHIO, DONALD T. BALDI, ANTHONY S. ANTONELLI AND DOREEN RIORDAN SARAMA,<br><br>    Defendants. | Civil No. 07-2330 (RMB)<br><br>**OPINION** |

**BUMB,** United States District Judge:

This matter comes before the Court upon Plaintiff XL Specialty Insurance Company's ("XL") motion for default judgment as to Defendants Donald T. Baldi, Anthony S. Antonelli, and Doreen Riordan Sarama (collectively, the "Individual Defendants") [Dkt. No. 31]; and three motions by the Individual Defendants to vacate the Clerk's entry of default against the Individual Defendants, entered on June 23, 2008 [Dkt. Nos. 30, 37, 38].

**I.    Background**

On May 17, 2007, XL filed a Complaint in this Court against Torchio Brothers, Inc. ("Torchio Brothers"), Gregory V. Torchio,

Vincent A. Torchio, and the Individual Defendants, seeking contractual indemnification in the amount of $572,898.28 for losses sustained in connection with XL's issuance of surety bonds to Torchio Brothers.  The Complaint alleged that on or about February 17, 2004, Defendants Torchio Brothers, Gregory Torchio, Vincent Torchio, and the Individual Defendants executed and delivered a General Agreement of Indemnity (the "Indemnity Agreement") in favor of XL, as indemnitee, in order to induce XL, as surety, to issue bonds on behalf of Torchio, as principal.

On or about June 6, 2007, service of the Complaint was effectuated on all Defendants.  Torchio Brothers filed its Answer and Crossclaims on July 30, 2007 and Gregory and Vincent Torchio filed their Answer on August 8, 2007.  [See Dkt. Nos. 3, 7].  The Individual Defendants never filed an answer or otherwise moved before the Court within the time allotted under Fed. R. Civ. P. 12(a).

On June 17, 2008, XL filed a motion for summary judgment against Gregory and Vincent Torchio and Torchio Brothers.  [Dkt. No. 21].  After reviewing the moving papers and receiving no opposition thereto, the Court granted XL's motion for summary judgment on July 23, 2008.  [Dkt. No. 28].  In the meantime, XL obtained a Clerk's entry of default against the Individual Defendants on June 23, 2008.  Thereafter, on July 31, 2008, XL filed the present motion seeking default judgment against the

Individual Defendants.  Since the Clerk's entry of default on June 23, 2008, each of the Individual Defendants has filed a motion to vacate the entry of default (and an accompanying proposed answer) as follows:  Antonelli filed his motion on July 28, 2008, and Baldi and Sarama filed their motions on August 28, 2008.

**II.   Standard of Review**

Pursuant to Fed. R. Civ. P. 55(c), "[t]he court may set aside an entry of default for good cause..."  While judgments based on default are not favored, the decision whether to set aside an entry of default under Rule 55(c) is left to the discretion of the district court.  United States v. $55,518.05 in U.S. Currency, 728 F.2d 192, 194-95 (3d Cir. 1984).  "[D]oubtful cases [are] to be resolved in favor of the party moving to set aside the default judgment 'so that cases may be decided on their merits.'"  Id. (citing Tozer v. Charles A. Krause Milling Co., 189 F.2d 242, 244 (3d Cir. 1951)).  In making a decision, the Court "must consider the following three factors:  (1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; and (3) whether the default was the result of the defendant's culpable conduct."  Gold Kist, Inc., v.

Laurinburg Oil Co., Inc., 756 F.2d 14, 19 (3d Cir. 1985).[1]  The Court will address each of these factors in turn.

**III. Analysis**

    **A.  Prejudice to Plaintiff**

As to the issue of prejudice, XL argues that it will be prejudiced if the Court sets aside each default because "XL has spent more than a year prosecuting this matter after suffering losses of nearly $500,000 due to the default of [Defendants]." (Pl. Reply, dated Sept. 14, 2008 [Dkt. No. 41] at 4).  However, as Defendant Antonelli points out, XL's prosecution of the case against the Individual Defendants has not involved a great deal of effort on the part of XL.  (See Def. Antonelli Reply, dated Sept. 18, 2008 [Dkt. No. 42] at 2).  Indeed, it appears that the only actions XL has taken against the Individual Defendants up to this point are:  filing/serving the Complaint, requesting a Clerk's entry of default, and filing a motion for default judgment.  Accordingly, while setting aside the default might render XL's minimal efforts thus far a waste, in this Court's view, such result would not constitute prejudice to XL.  This

---

[1] The Court notes that these factors "apply only when the default judgment was authorized and the only question before the district court is whether to exercise its discretion to set aside the default." Gold Kist, 756 F.2d at 19.  In this case, it is undisputed that the entry of default was authorized and properly entered.

4

factor weighs in favor of setting aside the entries of default against the Individual Defendants.

**B.  Meritorious Defense**

The second factor, whether the defendant has established a meritorious defense, is deemed a "threshold question" because without it, the defendant could not win at trial and, thus, "there would be no point in setting aside the default... ." $55,518.05, 728 F.2d at 195.  A meritorious defense is shown "when 'allegations of defendant's answer, if established on trial, would constitute a complete defense to the action.'"  Id. (citing Tozer, 189 F.2d at 244; Farnese v. Bagnasco, 687 F.2d 761, 764 (3d Cir. 1982)).  As the Third Circuit has emphasized, the allegations in the defendant's answer must contain "specific facts beyond simple denials or conclusory statements."  Id. (citing Gross v. Stereo Component Systems, Inc., 700 F.2d 120, 123 (3d Cir. 1983); Feliciano v. Relian Tooling Co., Ltd., 691 F.2d 653, 657 (3d Cir. 1982); Farnese, 687 F.2d at 764).  Where a defendant's answer "is couched solely in conclusory language and is nothing more than a verbatim excerption of the statutory language[,]" such answer will not suffice.  Id. at 196.

In this case, each of the Individual Defendants has filed a proposed answer setting forth various affirmative defenses as well as crossclaims against their co-defendants and counterclaims against Plaintiff XL.  Specifically, Defendant Antonelli's

proposed answer contains twenty affirmative defenses, four cross-claims against Defendants Gregory and Vincent Torchio, and one counterclaim against Plaintiff XL.  [Dkt. No. 30-4].  The proposed answers filed by Defendants Baldi and Sarama (husband and wife) contain four affirmative defenses, four crossclaims against Defendants Gregory and Vincent Torchio, and one counterclaim against Plaintiff XL.  [Dkt. Nos. 37-4, 38-4].

    Upon review of the Individual Defendants' proposed answers, the Court finds that they have sufficiently set forth a meritorious defense.  The Individual Defendants claim that they were illegally forced to execute the Indemnity Agreement through fraud and duress and that Plaintiff XL was aware of the situation and participated in it.  (See Antonelli Proposed Answer ¶¶ 21, 52 ("XL Company was aware of the tortious circumstances surrounding [Antonelli's] execution of the Indemnity Agreement and actively acquiesced therein"); Baldi and Sarama Proposed Answer ¶ 38 ("XL was aware of the fraudulent, tortious and coercive circumstances surrounding [Baldi and Sarama's] execution of the XL indemnification agreement and participated in and contributed to the fraudulent, tortious and coercive circumstances...").  In other words, the Individual Defendants claim that XL was part of the alleged fraud/duress underlying the execution of the Indemnity Agreement.  If proven at trial, this would constitute a meritorious defense.  While the evidence may not ultimately bare

this out, at this juncture, the question before the Court is not whether the Individual Defendants have proven their defense; rather, the question is whether they have alleged a meritorious defense based on specific facts. In this Court's view, the Individual Defendants' proposed answers satisfy this burden.

### C. Culpable Conduct

Finally, the Court must consider whether the default was the result of culpable conduct on the part of the Individual Defendants. Each of the Individual Defendants has submitted an affidavit in which s/he explains the reason for the default. All of the Individual Defendants claim that the default was due to a misrepresentation by Defendants Gregory and Vincent Torchio that counsel for Torchio Brothers would be handling this lawsuit on their behalf. (See Antonelli Aff. ¶ 6; Baldi Aff. ¶7; Sarama Aff. ¶ 6). They all state that they relied on the representation of Torchio Brothers and did not discover the truth that they were not being represented until they received notice of the Clerk's entry of default. (See Antonelli Aff. ¶¶ 9-10; Baldi Aff. ¶9; Sarama Aff. ¶ 8).

Plaintiff argues that the Individual Defendants' excuses are "almost comical" and insufficient to set aside the default entry. However, this Court disagrees. The record shows that upon receiving notice of the Complaint, the Individual Defendants inquired about the need to find their own representation and were

7

told by Gregory and Vincent Torchio not to worry because the counsel for Torchio Brothers would handle the lawsuit.  The Individual Defendants relied on this representation to their detriment.  As soon as they received notice of the entry of default and realized they were not being represented by counsel for Torchio Brothers, they each retained their own attorney.  While perhaps the Individual Defendants could have pressed the issue of representation further before the entry of default, their failure to do so does not rise to "culpable conduct."  Thus, the third factor weighs in favor of setting aside the entry of default.

**IV. Conclusion**

Accordingly, for the foregoing reasons, the Individual Defendants' motions to set aside the entry of default will be granted and the Plaintiff's motion for default judgment will be denied as moot.  An appropriate Order will issue this date.


Dated:  March 9, 2009              s/Renée Marie Bumb
                                   RENÉE MARIE BUMB
                                   United States District Judge